

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 4:24-cr-55 |
| | 2:25-cr-16 |
| CAMERON HUNTER BROWN, | |
| Defendant. | |

## STATEMENT OF FACTS

The United States and the defendant, CAMERON HUNTER BROWN (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1.     At all times relevant to the indictment and to this statement of facts, Victim 1 was employed by the United States Postal Service ("USPS") as a mail carrier. In that position, Victim 1 had lawful charge, control, and custody of mail matter and other property of the United States, including an "arrow key."

2.     An arrow key is a master key used to access the variety of mail repositories, including blue collection boxes, outdoor parcel lockers, and apartment mailbox panels in a given area. USPS mail carriers are custodians of arrow keys, and arrow keys are USPS property.

3.     On July 11, 2024, at about 12:26 p.m., Victim 1 was on his mail route in Virginia Beach, Virginia, which is within the Eastern District of Virginia. Victim 1 was approached by an individual, known by the defendant, who brandished a handgun, and demanded Victim 1's arrow key. Victim 1 complied.

-1-



4. In effecting this robbery, Victim 1's life was placed in jeopardy by the use of a dangerous weapon, that is, a handgun.

5. A Nissan Altima sedan with a distinctive discoloration on the front passenger-side rim was used to flee the scene.

6. In the days before the robbery, the defendant used his cell phone to search for "virginia beach mail run".

7. In the days after the robbery, the defendant used his cell phone to search for "usps blue box near me."

8. Law enforcement identified the Altima, including its vehicle identification number and Virginia license plate number. The car was registered to a female, later determined to be the mother of the defendant's girlfriend, with an address in Hampton, Virginia. Law-enforcement agencies in the area were asked to be on the lookout for the Altima.

9. On July 17, 2024, six days after the robbery, officers with the Hampton Police Department ("HPD") found the Altima parked in front of the residence of the defendant's girlfriend. While the Altima was stationary next to a drive-thru ATM, HPD officers attempted to effectuate a lawful felony traffic stop. The driver of the Altima, later identified as the defendant, was instructed to turn the vehicle off. *Flock cameras reviewed by law enforcement corroborate the car with the events of July 11, 2024,*

10. Ignoring officers' lawful instructions, the defendant reversed out of the drive-thru ATM lane, struck the credit-union building, sped through an unoccupied ATM lane, and fled with *along with cell phone analysis.* HPD officers in pursuit. Officers observed no occupants of the Altima other than the defendant.

11. A HPD detective pursuing the defendant saw him throw a black and tan handgun out of the driver's side window onto a sidewalk within the Hampton city limits.

12. The handgun recovered from the sidewalk was determined to be a black Glock 19 Gen 4 9mm pistol bearing serial number BBLN877. The pistol was equipped with a brown grip and a machinegun conversion device ("MGCD"), also known as a "Glock switch," that enabled the otherwise semiautomatic pistol to fire multiple rounds automatically with a single pull of the trigger. The defendant knew that a Glock switch was attached to the pistol. The pistol had been reported stolen from Chesapeake, Virginia.

13. The investigation and evidence prove beyond a reasonable doubt that, on or about July 11, 2024, in Virginia Beach, in the Eastern District of Virginia, the defendant did aid and abet another who assaulted Victim 1, a person having lawful charge, custody, and control of United States mail matter, money, and other property of the United States, with intent to rob, steal, and purloin said mail matter, money, and other property of the United States, and in doing so, put the life of Victim 1 in jeopardy by the use of a dangerous weapon, specifically, a firearm.

14. The investigation and evidence further prove beyond a reasonable that, on or about July 11, 2024, in Virginia Beach, in the Eastern District of Virginia, the defendant did aid and abet another who he knew was going to knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely robbery of property of the United States, in violation of Title 18, United States Code, Section 2114(a), as set forth in Count One of the Criminal Indictment.

15. The investigation and evidence further prove beyond a reasonable that, on or about July 17, 2024, in Hampton, in the Eastern District of Virginia, the defendant did knowingly possess a machinegun as defined by Title 26, United States Code, Section 5845(b), specifically, a Glock Model 19 Gen 4 handgun, bearing serial number BBLN877, fitted with a machinegun conversion device, bearing no serial number, commonly referred to as a "Glock Chip" or "Glock Switch."

16.     These events occurred in the Eastern District of Virginia and elsewhere. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

17.     This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

Respectfully submitted,

LINDSEY HALLIGAN
UNITED STATES ATTORNEY
AND SPECIAL ATTORNEY

TODD W. BLANCHE
DEPUTY ATTORNEY GENRAL

ROBERT K. MCBRIDE
FIRST ASSISTANT
UNITED STATES ATTORNEY

By:     _____/s/_____
        Devon E.A. Heath
        Assistant United States Attorney
        United States Attorneys' Office
        One City Center
        11815 Fountain Way, Suite 200
        Newport News, Virginia 23606
        Tel. (757) 591-4000
        Fax: (757) 591-0866
        Devon.Heath@usdoj.gov



After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Cameron Hunter Brown, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Cameron Hunter Brown

I am counsel for the defendant. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Keith L. Kimball
Suzanne V. Katchmar
Attorneys for Cameron Hunter Brown